CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
BRIAN J. KIM, ESQ.; STATE BAR NO.: 282538

**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
E-Mail: cmay@tharpe-howell.com
E-Mail: gsharaga@tharpe-howell.com
E-Mail: bkim@tharpe-howell.com

Attorneys for Defendants,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO OFFICE

| | |
|---|---|
| ROGER CRAMER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1 TO 20,<br><br>　　　　　Defendants. | CASE NO.: 15-cv-00480-JST<br><br>(San Francisco County Superior Court Case No.: SCV256419)<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff ROGER CRAMER ("Plaintiff") and Defendant LOWE HOME CENTERS, LLC ("Defendant") jointly submit this Stipulated Protective Order pursuant to Federal Rules of Civil Procedure, Rule 26(c)(1) limiting the use and disposition of certain information, materials, and documents during litigation of this matter. The parties agree that discovery in this action may yield documents, materials, and information of a sensitive and confidential nature, including but not limited to, Defendant's proprietary policies and procedures, security related information, personnel files of present and former employees, and other confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally. As a result, the parties have agreed to this jointly submitted Stipulated Protective Order and request that it be adopted by order of this Court.

### Good Cause Statement

Federal Rules of Civil Procedure, Rule 26(c)(1) states in pertinent part, that the Court, upon a showing of good cause may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). In the instant matter, Defendant's Confidential Documents contain proprietary and confidential trade secret information relating to defendant's business practices and its safety protocol. Defendant derives independent economic value from maintaining the confidentiality of the policies and procedures set forth in these Confidential Documents.

Defendant is a retailer in the home improvement industry and has conducted business in California since 1998. The home improvement retail industry is very competitive. As a result of years of investing time and money in research and investigation, defendant developed the policies contained in the Confidential Documents for the purposes of maintaining the security and accessibility of its merchandise, providing quality customer service, and ensuring the safety of its employees and customers. These policies and procedures, as memorialized in the Confidential Documents, were created and generated by Lowe's for Lowe's, and are used for the purposes of maintaining safety at its stores and creating efficient and organized work environments for its employees. As a result, defendant is able to minimize the waste of any resources, which is a key factor in generating profitability for its business.

Defendant derives economic value from maintaining the secrecy of its Confidential Documents. If disclosed to the public, the trade secret information contained in defendant's Confidential Documents would reveal defendant's internal operations and could potentially be used by competitors as a means to compete for its customers, interfere with its business plans and thereby gain unfair business advantages. If defendant's safety protocol were revealed to the general public, it would hinder defendant's ability to effectively resolve and minimize liability claims,

and its goal of protecting its customers and employees from theft and other crimes. Unrestricted or unprotected disclosure of such information would result in prejudice or harm to Defendant by revealing Lowe's competitive confidential information, which has been developed at the expense of Lowe's and which represents valuable tangible and intangible assets. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

**Purpose and Limitation**

As mentioned above, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, security related, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The disclosure of any of the foregoing categories of information and/or documentation protected by this Order, including confidential business and financial information identified above, will have the effect of causing harm to the competitive and financial position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. Unprotected disclosure of any of the above identified confidential information may further expose Defendant to unwarranted annoyance, embarrassment, and/or oppression.

The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information that is entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal. Civil Local Rules 79-5 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties having agreed to the following terms governing the treatment of confidential information, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is HEREBY ORDERED as follows:

1. All documents or materials produced or information disclosed and any other documents or records designated as "CONFIDENTIAL" by the Defendant shall be revealed only to a settlement officer, Plaintiff, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action. The information designated as "CONFIDENTIAL" and disclosed only in accord with the terms of this paragraph may include, without limitation, documents and information containing Defendant's policies and procedures, security related information, including surveillance video, as well as personnel records, including disciplinary records, identity, information relating to the processes, operations, type of work, or apparatus, or the production, sales, shipments, transfers, identification of customers, inventories, amount or source of income, profits, losses, expenditures, or any research, development, or any other commercial information supplied by the Defendant in response to Plaintiff's Interrogatories or Requests for Production. Information and documentation considered "CONFIDENTIAL" are subject to protection under Civil Local Rule 79-5 of the U.S. District Court – Northern District of California, Rule 26 of the Federal Rules of Civil Procedure, and under other provisions of Federal law.

2. Counsel for Plaintiff shall use all documents, materials, and/or information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiff's counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in this

1  action. At the conclusion of the proceedings in this action, all documents and
2  information subject to this Order, including any copies or extracts or summaries
3  thereof, or documents containing information taken therefrom, shall be returned to
4  counsel for the Defendant, at defense counsel's written request.

5      3. Prior to disclosure of any documents designated as "confidential" to
6  paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall
7  require such employees to read this Protective Order and agree to be bound by its
8  terms.

9      4. If counsel for Plaintiff determines that for purposes of this action,
10 documents or information produced by the Defendant and designated as
11 "confidential" must be revealed to a person employed to act as an expert in this
12 action, then counsel may reveal the designated documents or information to such
13 person, after first complying with the following:

14     (a) Counsel for the Plaintiff shall have the expert read this Order and shall
15         explain the contents thereof to such expert.
16     (b) Counsel for the Plaintiff shall require such expert to sign a copy of this
17         protective order that states: "I have read and understood the terms of
18         this protective order. I further agree to be bound by its terms." Nothing
19         in this paragraph shall be deemed to enlarge the right of Defendant to
20         conduct discovery of any of Plaintiff's experts, except solely with
21         respect to the ability of such expert to protect confidential information
22         and documents from re-disclosure.

23     5. In accordance with Local Rule 79-5, if any papers to be filed with the
24 Court contain information and/or documents that have been designated as
25 "Confidential," the proposed filing shall be accompanied by an application to file the
26 papers or the portion thereof containing the designated information or documents (if
27 such portion is segregable) under seal; and the application shall be directed to the
28 judge to whom the papers are directed. For motions, the parties shall publicly file a

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

redacted version of the motion and supporting papers.

6. The Court's Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

7. Any motion challenging a designation will need to be made in strict compliance with Local Rules 37-1 and 37-2.

8. Nothing contained in this Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

Based on the foregoing, Plaintiff ROGER CRAMER and Defendant LOWE'S HOME CENTERS, LLC hereby request that this Court issue a protective order governing the treatment of confidential information in this matter.

**IT IS SO STIPULATED.**

Dated: 9/4/15

THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
GENE B. SHARAGA
BRIAN J. KIM
Attorneys for Defendants
LOWE'S HOME CENTERS, LLC

Dated: 7/2/15

By: _____
JAN ERIC BOLT
Attorney for Plaintiff,
ROGER CRAMER

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Date: September 14, 2015

_____
HON. JON S. TIGAR
U.S. DISTRICT COURT JUDGE

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221